[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REARGUE COURT'S RULING ONMOTION TO STRIKE
I. Factual and Procedural Background
On September 29, 1994, this court heard oral argument on the eight individual defendants' Motion to Strike, dated July 26, 1994. That motion was broken down into eleven separate arguments, CT Page 11928 involving fifty-five counts of the plaintiff's fifty-six count complaint (Revision D). The court heard extensive argument which had been preceded by the court's review of the individual defendants' thirteen page motion and fifty-four page memorandum of law and review of the plaintiff's single spaced forty-two page opposing memorandum of law.
This court issued its Memorandum of Decision on October 18, 1994. Subsequent to that date, plaintiff filed a Motion to Reargue with a Memorandum of Law, dated October 28, 1994. The individual defendants filed a Memorandum in Opposition to plaintiff's motion, dated November 14, 1994. Plaintiff then filed a Reply Memorandum, dated November 21, 1994.
Plaintiff claims that this court erred in its decision on twenty-six of the separate counts which it struck. He claims error in the court's decision as to counts 1, 9, 17, 25, 34, 40, 46, 51, and counts 26 and 27, as they all relate to his claim of wrongful discharge. He claims error in the court's decision as to counts 7, 14, 22, 32, 39, 40, 50, and 55, relating to reckless and wanton misconduct. He further claims error in the court's decision as to counts 8, 15, 23, 33, and 45, relating to unjust enrichment. He also claims error in the court's decision as to count 56, negligent misrepresentation. Finally, he claims error in the court's decision as to counts 16 and 24, relating to slander.
II. Discussion
The court has read all memoranda of law in relationship to plaintiff's Motion to Reargue. The court is unaware of any new arguments made by the plaintiff in his reargument that were not made to this court at the extensive hearing held on these issues. The plaintiff has cited some cases which he did not previously cite in his original brief or argument. Therefore, this court will briefly address each of the plaintiff's claims on his Motion to Reargue.
A. Wrongful Discharge (Counts 1, 9, 17, 25, 34, 40, 46 and 51; Counts 26 and 27)
The plaintiff tries to reargue before this court his wish that the court adopt a new tort theory: tortious wrongful discharge by an employee. This court previously held that it would not do so, and it affirms that decision. Accordingly, the CT Page 11929 court's decision to strike counts 1, 9, 17, 25, 34, 40, 46 and 51 and counts 26 and 27 is affirmed.
B. Reckless and Wanton Misconduct (Counts 7, 14, 22, 32, 39, 40, 50, and 55)
The plaintiff cites two cases in his memorandum that were not previously cited in his original Memorandum in Opposition to the Motion to Strike. Coble v. Mahoney,34 Conn. App. 655 (1994) is a negligence action brought by a plaintiff who was injured in a motor vehicle accident against the defendant driver who was drunk and the financial backer and permittee of the establishment that served the defendant driver drinks the night of the accident. Hart, Nininger Campbell Associates, Inc, v.Rogers, 16 Conn. App. 619 (1988) involved noncompetitive agreements signed by the defendants who were employees of the plaintiff corporation. Both these cases mention willful, wanton, or malicious conduct. In Coble there is discussion of the claim as it relates to a statutory violation of § 14-227a(a)(2) of the Connecticut General Statutes. In Hart, willful, wanton, or malicious conduct was one of four counts in the plaintiff's complaint. Beyond noting that, the case makes no mention of the legal theory.
As counsel for the defendants accurately points out in his Memorandum in Opposition to the motion, both these cases mention the legal concept of "willful, wanton, and malicious conduct"; neither case discusses or describes the elements of the purported cause of action which the plaintiff continues to urge this court to accept. Since neither of these cases support the plaintiff's argument, the court will not reverse its previous decision striking counts 7, 14, 22, 32, 39, 40, 50, and 55.
C. Unjust Enrichment (Counts 8, 15, 23, 33, and 45)
Plaintiff continues to argue that the court allow an unjust enrichment cause of action when it failed to allow a § 31-71e
action for illegal withholding of wages as to the individual defendants. The plaintiff advances no new argument to sway this court from its previous decision. Further, this court finds that an unjust enrichment claim is a quasi-contract claim; since the plaintiff did not have any contract with any of the individual defendants, this cause of action can not survive a motion to strike. CT Page 11930
D. Negligent Misrepresentation (Count 56)
Plaintiff claims the court erred in striking count 56 of his complaint as to the individual defendant Furtado. Plaintiff argues once again that this count cited all the essential elements for a cause of action for negligent misrepresentation. Once again, the court disagrees with plaintiff's reasoning. Plaintiff makes no allegation that Furtado made further representations to Emerick beyond indicating to him his waiver of confidentiality if he chose to speak to a manager, some of whom could be vindictive under the circumstances. As previously ruled on by this court, these allegations are not enough to sustain a cause of action for negligent misrepresentation. Accordingly, the court's prior ruling stands; count 56 as to the individual defendant Furtado remains stricken.
E. Slander (Counts 16 and 24)
Plaintiff reargues the same points he argued before this court both orally and in his original written memorandum of law. He claims that publication is not required outside of the corporate domain to satisfy a cause of action for slander. This court found and continues to find that such publication is necessary. As stated in Cohen Co. v. Dun Bradstreet, Inc.,629 F. Sup. 1425 (D. Conn. 1986), ". . . a rule that a communication between employees of a corporation constitutes a publication could result in an unwarranted increase in the number of defamation suits filed in court . . . Dissemination of allegedly defamatory material among employees of a corporation does not constitute separate publication of the material." Accordingly, the court's ruling striking counts 16 and 24 is affirmed.
III. Conclusion
All findings previously entered by this court in its Memorandum of Decision on Motion to Strike, dated October 18, 1994, are affirmed. Accordingly, the plaintiff's Motion to Reargue is denied.
SUSAN B. HANDY JUDGE, SUPERIOR COURT CT Page 11931